UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: RANDY WRIGHT                                                      CASE NO. 11-11659-DWH
                                                                                         CHAPTER 13

RANDY WRIGHT                                                                          PLAINTIFF

V.                                                                              ADV. PROC. NO. 11-01137-DWH

UNITED TRUCK GROUP (Truck Capital, LLC)                                     DEFENDANT

## OPINION

On consideration before the court is a motion for summary judgment filed on behalf of the defendant, Truck Capital, LLC, ("Truck Capital"), which, on information and belief, was incorrectly referred to as United Truck Group in the initial adversary complaint; no response to the motion having been filed by the debtor, Randy Wright, ("Wright"); and the court, having considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A) and (O).

II.

On January 29, 2011, Wright executed a commercial truck lease agreement with Truck Capital to obtain a 2005 Freightliner CL120 64ST truck. Under the terms of the lease agreement, Wright was required to make $500.00 weekly payments to Truck Capital for 261 weeks. Truck Capital's senior manager in his sworn affidavit states that Truck Capital is and always was the owner and title holder of the truck.

Wright filed a voluntary petition for relief pursuant to Chapter 13 of the Bankruptcy Code on April 12, 2011. His creditor matrix did not include Truck Capital nor did it include United Truck Group, LLC, which was incorrectly named as the defendant in the adversary complaint. The debtor's Schedule G of Executory Contracts and Unexpired Leases also failed to include Truck Capital or United Truck Group, LLC.

On Friday, July 8, 2011, Truck Capital utilized a third party repossession agent to repossess the truck because of Wright's defaults under the agreement. Truck Capital asserts in its sworn affidavit that it had no notice of Wright's bankruptcy filing until after the repossession had occurred. After the repossession, Wright's counsel faxed a Notice of Bankruptcy Case Filing to Truck Capital, which was the first occasion that it was made aware of Wright's filing. Upon receiving the notice, Truck Capital made arrangements to return the truck, and did so on Monday, July 11, 2011, since its offices were closed over the weekend.

On Saturday, July 9, 2011, Wright filed the above captioned adversary proceeding. In the complaint, Wright alleges that after the repossession, he was advised by a Truck Capital employee that his truck would be returned if he paid $1,500.00. He states that his employer wired the requested money to Truck Capital on his behalf, but that Truck Capital still refused to release the vehicle. Wright contends that his employment was jeopardized because Truck Capital unlawfully repossessed his sole source of income. He claims that Truck Capital violated the automatic stay by repossessing the truck, as well as, by demanding and collecting the $1,500.00 payment which it refused to return. Wright seeks damages for his income loss and his attorney fees. In addition, he demands $1,000,000.00 in punitive damages for his emotional distress. Truck Capital's motion for summary judgment did not address the collection of the $1,500.00 payment, but it denied the related allegation in its answer.

On Monday, July 11, 2011, Wright also filed an amended Schedule G, adding two previously unlisted items: (1) an employment contract with Service One Transport, Inc., and (2) the lease agreement with "United Truck Group," again using the incorrect name of the defendant Truck Capital. On July 18, 2011, Wright abandoned the vehicle.

On October 6, 2011, pursuant to Truck Capital's motion, to which Wright filed no response, an order was entered confirming the rejection of the unexpired lease, granting relief from the automatic stay, and abandoning the truck. On October 21, 2011, Truck Capital propounded to Wright its first set of discovery requests, including requests for admissions. Wright's responses to the discovery requests, specifically the requests for admissions, were due on or before November 21, 2011. To date, no response has been filed, nor has Wright sought an extension of time to respond.

Truck Capital asserts that its requests for admissions are deemed admitted pursuant to Fed. R. Civ. P. 36, and that Wright's admissions are now conclusively established. *IRS v. Carney*, 258 F.3d 415, 420-21 (5th Cir. 2001). As such, Truck Capital contends that, due to the deemed admissions, Wright cannot meet his burden of proof as required by the Fifth Circuit to recover damages pursuant to § 362(k) of the Bankruptcy Code.

Fed. R. Civ. P. 36 states, in pertinent part, that:

> (a)(3) **Time to Respond; Effect of Not Responding.** A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney…
>
> (b) **Effect of an Admission; Withdrawing or Amending It.** A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.

Fed. R. Civ. P. 36(a)(3)-(b).

The following is a reproduction of the Requests for Admissions propounded by Truck Capital to Wright:

**REQUEST NO. 1.** Admit that the creditor matrix filed in your underlying Chapter 13 case fails to include Truck Capital, LLC and/or United Truck Group, LLC.

**REQUEST NO. 2.** Admit that you made no attempt to notify Defendant of your underlying Chapter 13 case prior to July 8, 2011.

**REQUEST NO. 3.** Admit that the Defendant did not have notice of your bankruptcy petition until, at the earliest, July 8, 2011.

**REQUEST NO. 4.** Admit that Defendant made arrangements to, and did, promptly return the vehicle to you after repossession of same.

**REQUEST NO. 5.** Admit that after Defendant returned the vehicle to you, that you abandoned the vehicle.

**REQUEST NO. 6.** Admit that the acts of Defendant with respect to allegations of your Complaint were not willful or intentional acts.

In *Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348 (5th Cir. 2008), the Fifth Circuit reiterated the three-part test for establishing a § 362(k) violation, stating that a debtor must prove that:

(1) defendant knew of the existence of the stay;

(2) defendant's actions were taken intentionally; and

(3) actions constituted a violation of the stay.

*Id.* at 355.

Wright has admitted that Truck Capital had no notice of his bankruptcy filing until after the repossession on July 8, 2011. Wright cannot show that Truck Capital's acts were taken intentionally, because he has admitted that Truck Capital's acts were neither willful nor intentional.

Finally, Truck Capital asserts that even if the court were to conclude that it violated the automatic stay, any such violation would, at worst, be only a "technical" one, and Wright would not be entitled to recover damages, let alone punitive damages. *In re Kline*, 424 B.R. 516, 523 (Bankr. D.N.M. 2010). Truck Capital maintains that its actions in repossessing the truck were reasonable, and that there was no "egregious or intentional misconduct" on its part. *Dugas v. Claron Corp.*, No. 1:09-CV-990, 2010 WL 3338625, at *5 (E.D. Tex. Aug. 23, 2010) (citing *In re Repine*, 536 F.3d 512, 521 (5th Cir. 2008)).

Because of the deemed admissions, Truck Capital asserts that no disputed factual issues remain in dispute, and it requests summary judgment as a matter of law.

### III.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Bankr. P. 7056; Miss. Bankr. L.R. 7056-1. The court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.*, 812 F.2d 265 (5th Cir. 1987); *Putman v. Ins. Co. of N. Am.*, 673 F. Supp. 171 (N.D. Miss. 1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show a genuine issue of material fact arises as to that issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Leonard v. Dixie Well Serv. & Supply, Inc.*, 828 F.2d 291 (5th Cir. 1987); *Putman v. Ins. Co. of N. Am.*, 673 F. Supp. 171 (N.D. Miss. 1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." *Phillips*, 812 F.2d at 273. A fact is

material if it would "affect the outcome of the lawsuit under governing substantive law." *Id.* at 272.

The court notes that it has the discretion to deny motions for summary judgment and allow parties to proceed to trial so that the record might be more fully developed for the trier of fact. *Kunin v. Feofanov*, 69 F.3d 59, 61 (5th Cir. 1995); *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir. 1994); *Veillon v. Exploration Services, Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989).

IV.

Section 362(k) of the Bankruptcy Code provides: "Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).

Based upon the foregoing, the court is of the opinion that there are no material factual issues remaining in dispute regarding whether Truck Capital's actions in repossessing the truck constituted a willful violation of the stay that would merit an award of damages pursuant to § 362(k). Truck Capital's requests for admissions are deemed admitted because Wright failed to respond as required by Fed. R. Civ. P. 36. The deemed admissions are conclusively established.

Wright has failed to satisfy the necessary elements of the Fifth Circuit's three-part *Campbell* analysis. He cannot establish that Truck Capital knew of or willfully violated the automatic stay. Because Wright's § 362(k) claim for damages is without merit, Truck Capital is entitled to a judgment as a matter of law as to this claim.

However, the court is of the opinion that there is one factual issue potentially remaining in dispute. This concerns the $1,500.00 payment allegedly made by Wright's employer to Truck Capital which allegedly was not returned. Because of Wright's deemed admissions, this issue,

which was not addressed in the motion for summary judgment, would not amount to an intentional violation of the automatic stay. The only question that remains is whether the $1,500.00 should be returned if it was indeed paid. (As noted above, Truck Capital denies this allegation in its answer.) The court will conduct a status conference with the parties' attorneys to determine if this is still a viable issue.

An order, consistent with this opinion, shall be entered contemporaneously herewith.

This, the 7th day of March, 2012.

                                      /s/ David W. Houston, III
                                      DAVID W. HOUSTON, III
                                      UNITED STATES BANKRUPTCY JUDGE